# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donald Brown
104 West Olney Ave
Philadelphia, PA 19120

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

## DEFENDANTS
Sugarhouse HSP Gaming, LP
1001 North Delaware Ave
Philadelphia, PA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 5/27/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Donald Brown | : | CIVIL ACTION |
| v. | : |  |
| Sugarhouse HSP Gaming, L.P. | : |  |
| d/b/a Rivers Casino Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 5/27/2021 | Graham F. Baird | Donald Brown |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __104 West Olney Ave, Phildelphia, PA 19120__

Address of Defendant: __1001 North Delaware Avenue, Philadelphia, PA 19121__

Place of Accident, Incident or Transaction: __1001 North Delaware Avenue, Philadelphia, PA 19121__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/27/2021__   _____(signature)_____   __92692__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
       *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Graham F. Baird__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __5/27/2021__   _____(signature)_____   __92692__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY DEMANDED |
| v. | : | |
| | : | CASE NO. |
| SUGARHOUSE HSP GAMING, L.P. | : | |
| d/b/a RIVERS CASINO PHILADELPHIA, | : | |
| Defendant. | : | |

## COMPLAINT

Donald Brown, by and through his undersigned attorney, brings this complaint against Defendant, Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino Philadelphia and alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff, Donald Brown (hereinafter "Plaintiff" or "Brown"), is a former employee of Defendant Sugarhouse HS Gaming, L.P. d/b/a Rivers Casino Philadelphia in Philadelphia, Pennsylvania.

2. Defendant, Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino Philadelphia (hereinafter "Defendant" or "Rivers Casino") a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

3. Plaintiff has exhausted his administrative remedies under the Equal Employment Opportunity Act. (See Exhibit A, a true and correct copy of the Notice of Rights.)

4. 28 U.S.C. §§ 1331 and 1343 confer jurisdiction upon the Court. In addition, the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 as these claims arise out of a common nucleus of operative facts with the other federal law claims stated in the Complaint.

1

5. The venue is properly laid in the district because Defendant conducts business in the district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in the judicial district. 28 U.S.C. § 1391(b)(l) and (b)(2). Plaintiff was working for Rivers Casino in the Eastern District of Pennsylvania at the time of the illegal actions by Rivers Casino as set forth herein.

**FACTS**

6. In or around March of 2016, Plaintiff began working for Defendant as a Prep Cook.

7. Plaintiff is an African American man.

8. Plaintiff met, and at times exceeded the expectations for his position, such that during his tenure he was promoted to Cook III.

9. Despite Plaintiff's dedication to his job and favorable performance, Defendant subjected Plaintiff to various acts of discrimination and harassment on the basis of race.

10. Plaintiff had an exemplary record until he started reporting to Chef Joe (last name unknown -LNU).

11. Numerous times, Plaintiff was referred to and called in a derogatory way, "Boy" by Defendant's Chef, Joe (LNU), Caucasian, during the course of his employment.

12. At all relevant times, Defendant's Chef Joe was in a managerial/supervisory role over Plaintiff.

13. In or around 2019, Plaintiff reported the discriminatory and harassing conduct by Chef Joe to Defendant's Human Resources Manager, Christopher Reed.

14. Defendant's Human Resources Manager did not take any prompt or appropriate action in response and the discriminatory and harassing conduct continued.

15. In or around June/July of 2019, Defendant's Chef Joe targeted Plaintiff for discipline concerning his allegedly not wearing a hairnet at work.

16. At the time Plaintiff was disciplined for the hairnet issue, Plaintiff's non-African American co-worker, who had longer, straight hair, was not wearing an hairnet and was not disciplined.

17. Defendant's Chef Joe referenced Plaintiff's hair as "Nappy".

18. Plaintiff also reported this discriminatory conduct to Defendant's Human Resources Manager, Christopher Reed; but no prompt or appropriate action in response was taken.

19. In or around July of 2019, Defendant's Chef Joe threatened Plaintiff at work stating to Plaintiff, 'I'm gonna get you fired,' or words to that effect.

20. Also in or around July 2019, Plaintiff was physically attacked in the parking lot of Defendant Sugarhouse/River Casino's parking lot but could not identify the assailant.

21. Thereafter, on at least one occasion, Chef Joe threatened Plaintiff that he would get someone to beat Plaintiff up at work.

22. On or about August 18, 2019, Defendant's Security Guard racially profiled Plaintiff and stopped him from entering his work and demanded his identification and commenting to Plaintiff that 'Only employees can enter' or something to that effect. The same Security Guard had seen Plaintiff on numerous times before over the years during Plaintiff's employment.

23. On August 18, 2019, Plaintiff discussed Guard's harassing conduct with the Security Guard supervisor, a White/Caucasian woman, and was told that Plaintiff was allegedly scaring people and was loud.

24. In response to these comments by the Security Supervisor, Plaintiff reported to her that he was being antagonized because of his race; to which she responded, 'We'll see how your manager feels about that.' or words to that effect.

25. The Security Supervisor then notified Tony Fragile (Caucasian), Supervisor/Manager about the matter and instructed Plaintiff that if wanted to file a complaint, he

3

could but since the person with whom he would file the complaint was not in, Plaintiff was sent home.

26. The following day, August 19, 2019, Defendant HR Representative, Howard (LNU) (Race: Caucasian) contacted Plaintiff and terminated him, initially alleging the termination was because the White/Caucasian woman said Plaintiff claimed she attacked him because of his race and then changed and said it was allegedly because Plaintiff used his cell phone at work.

27. Plaintiff denies either alleged reason for termination and asserts the same are pretext for discrimination and retaliation concerning his race and protected conduct.

28. Plaintiff had no prior counseling, write-ups or warnings with regard to any alleged cell phone use.

29. Defendant did not follow its own progressive discipline policies and/or procedures in connection with the unlawful termination.

## COUNT I
## RACE DISCRIMINATION & HARASSMENT
### 42 U.S.C.A. § 2000e-2(a)

30. Plaintiff incorporates the preceding and succeeding paragraphs as if fully set forth at length herein.

31. Plaintiff's status as being African American places him in the protected class of race.

32. Defendant took adverse action against Plaintiff by creating a discriminatory and hostile work environment for Plaintiff.

33. Plaintiff suffered disparate treatment by Defendant, as set forth.

34. Defendant's disparate treatment including without limitation, racially offensive and discriminatory name calling, targeting for unfounded discipline, harassment as well as unfounded discriminatory termination.

35. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to subject him to adverse action by creating and promoting a hostile work environment.

36. Defendant took adverse actions against Plaintiff through its harassment, ignoring Plaintiff's complaints of discrimination and harassment, its promotion of a hostile work environment as well as unlawful termination.

37. As such, Defendant's decision to subject Plaintiff to adverse employment actions through a hostile work environment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

38. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained a permanent diminution of earning power and capacity and a claim is made therefore.

39. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

40. Plaintiff demands attorney's fees and court costs.

**COUNT II**
**HARASSMENT & RETALIATION**
**(42 U.S.C. § 1981)**

41. Plaintiff incorporates the preceding and succeeding paragraphs as if fully set forth at length herein.

42. Plaintiff's status as an African American place him in a protected class.

43. Plaintiff suffered disparate treatment by Defendant, as set forth above.

44. Plaintiff made several reports/complaints to Defendant about race discrimination in the workplace and as such, Plaintiff engaged in protected activity under Section 1981 of the Civil Rights Act.

45. Defendant took adverse action against Plaintiff by allowing for a hostile work environment to continue after Plaintiff reported the racial discrimination and harassment.

46. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to increase the harassment of Plaintiff which created an even greater hostile work environment.

47. As such, Defendant's decision to harass, ignore Plaintiff's complaints of harassment, and promote the continued hostile work environment is an unlawful employment practice, under 42. U.S.C. § 1981.

48. Defendant's decision to terminate Plaintiff's employment following his repeated reports of discrimination and harassment on the basis of race, was retaliatory and is an unlawful employment practice under 42. U.S.C. § 1981.

49. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained a permanent diminution of earning power and capacity and a claim is made therefore.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff, Donald Brown demands judgment in his favor and against Defendant, in an amount in excess of $100,000.00 together with:

   A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, emotional distress, and pain and suffering;

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief the Court deems just proper and equitable.

            **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *[signature]*
            **GRAHAM F. BAIRD, ESQUIRE**
            Two Penn Center
            1500 JFK Boulevard, Suite 1240
            Philadelphia, PA 19102

            Attorney for Plaintiff, Donald Brown

Date: 5/27/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY DEMANDED |
| v. | : | |
| | : | CASE NO. |
| SUGARHOUSE HSP GAMING, L.P. | : | |
| d/b/a RIVERS CASINO PHILADELPHIA, | : | |
| Defendant. | : | |

## VERIFICATION

I, DONALD BROWN, Plaintiff in the annexed Complaint, hereby state that I have reviewed the foregoing factual allegations of the Complaint against Defendant, SUGARHOUSE HSP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA, and verify that the statements therein are true to the best of my information, knowledge and belief.

Date: 05/14/21

Electronically Signed  2021-05-14 19:13:22 UTC - 172.58.203.27
AssureSign®  2cd54b27-88bc-415b-b264-ad28013152d9

DONALD BROWN

# EXH. A

EEOC Form 161 (11/2020)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Donald W. Brown<br>104 West Olney Avenue<br>Philadelphia, PA 19120 | **From:** Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2019-27439 | **Legal Unit,**<br>**Legal Technician** | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)       **March 10, 2021**

Jamie R. Williamson,       *(Date Issued)*
District Director

Enclosures(s)

cc:   **SUGARHOUSE CASINO**
      **Bryan L. Heulitt Jr., Esq.**
      **Vice President and General Counsel**
      **RUSH STREET GAMING, LLC**
      **1001 N Delaware Ave**
      **Philadelphia, PA 19125**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***